UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TURANA SHIRINOVA,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1248

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.)

In an Order entered on April 21, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents filed their response on April 24, 2026, (ECF No. 6), and Petitioner filed her counseled reply on May 11, 2026,[1] (ECF No. 9.)

## II.    Factual Background

Petitioner is a native and citizen of Azerbaijan, (2024 Notice to Appear (NTA), ECF No. 6-1, PageID.35.) Petitioner applied for admission to the United States at the San Ysidro, California Port of Entry, through the CBP One process, on February 17, 2024. (*Id.*; I-213, ECF No. 6-2, PageID.41.) The Department of Homeland Security (DHS) charged Petitioner with inadmissibility under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 6-1, PageID.35, 38.)

DHS paroled Petitioner into the United States pursuant to 8 C.F.R. § 212(d)(5) of the INA.[2] (Most Recent Form I-94, ECF No. 6-3, PageID.44 (indicating that Petitioner's "Class of Admission" is "DT"[3]).) Petitioner subsequently applied for asylum. (Pet., ECF No. 1, PageID.9.)

---

[1] Petitioner filed an Unopposed Motion for Extend Time for Reply (ECF No. 8) with her reply (ECF No. 9). The motion is granted and the reply is considered timely filed.

[2] The phrase "parole into the United States," is distinct from "conditional parole" under § 1226, and specifically refers to parole pursuant to 8 U.S.C. § 1182(d)(5)(A), which "allows the executive to permit certain aliens 'on a case-by-case basis' to enter or remain in this country only for 'urgent humanitarian reasons or significant public benefit.'" *Cruz-Miguel v. Holder*, 650 F.3d 189, 198 (2d Cir. 2011).

[3] *See* United States Citizenship and Immigration Services Guidance Website, https://www.uscis.gov/save/current-user-agencies/guidance/faqs-on-the-effect-of-changes-to-parole-and-temporary-protected-status-tps-for-save-agencies (under "Non-Categorical Parole" heading, select "What does 'Non-Categorical Parole' mean?") ("Aliens who are outside of the United States may request to be paroled into the United States based on urgent humanitarian reasons or a significant public benefit. These aliens are not paroled into the United States under a categorical parole program or process. Often, the Class of Admission (COA) for these aliens is 'DT' though other parole related COAs may have been used.").

In April of 2025, DHS "issued a blanket termination of parole." *See Rodriguez Martinez v. Raycraft*, No. 1:25-cv-1504, 2025 WL 3511093, at *2 (W.D. Mich. Dec. 8, 2025) (citation omitted); (*see* Most Recent Form I-94, ECF No. 6-3, PageID.44.). On July 1, 2025, ICE agents arrested Petitioner.[4] (*Id*.; Warrant for Arrest of Alien, ECF No. 6-5, PageID.52.)

On November 3, 2025, the Cleveland Immigration Court denied Petitioner's application for asylum and withholding of removal and found Petitioner to be removable to Azerbaijan. (Order Immigration Judge, ECF No. 6-6, PageID.58.)[5] Petitioner filed an appeal to the Board of Immigration Review, which was received on December 2, 2025, and remains pending. (Filing Receipt, ECF No. 6-7, PageID.61.) Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA.[6] *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A).

---

[4] Respondents do not argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).

[5] The Detroit Immigration Court's November 3, 2025, hearing does not cure the failure to provide Petitioner with proper due process before her arrest and detention. *See Coal. for Humane Immigrant Rts. v. Noem*, No. 25-cv-872 (JMC), 2025 WL 2192986, at *2 (D.D.C. Aug. 1, 2025) (holding that the government failed to follow the applicable statutory and regulatory provisions and that paroled noncitizens cannot be subject to expedited removal proceedings); *Salgado Bustos v. Raycraft*, No. 25-13202, 2025 WL 3022294, at *5–7 (E.D. Mich. Oct. 29, 2025) (same).

[6] Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word

3

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

#### A.    Statutory and Regulatory Basis for Petitioner's Parole and Detention

Here, Petitioner entered the United States at a port of entry and was subsequently paroled into the United States under 8 U.S.C. § 1182(d)(5)(A). (2025 Form I-213, ECF No. 6-4, PageID.48; Most Recent Form I-94, ECF No. 6-3, PageID.44.)

The INA "establishes the framework governing noncitizens' entry into and removal from the United States, with regulations promulgated by the enforcing agencies providing further governance." *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1132 (D. Or. 2025). "Noncitizens who arrive at a port of entry without a visa or other entry document, like Petitioner, are deemed 'inadmissible' under 8 U.S.C. § 1182(a)(7)" due to their lack of entry documents. *Id.* at 1132 & n.7 (noting that "[d]epending on the circumstances, other categories of inadmissibility may also apply, but § 1182(a)(7) applies for noncitizens without proper documentation"). Once a noncitizen is deemed inadmissible, "the immigration officer must order the noncitizen's removal unless the

---

'final' in the first provision."). Because Petitioner's appeal to the BIA remains pending, § 1231 does not apply, and § 1226(a) governs Petitioner's detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

noncitizen indicates an intention to apply for asylum or fear of persecution." *Id.* at 1132 & n.8 (citing 8 U.S.C. § 1225(b)(1)(A)(i)). The government may place the noncitizen into expedited removal proceedings, *see* 8 U.S.C. § 1225(b)(1), or the government may place the noncitizen into regular removal proceedings under 8 U.S.C. § 1229(a). *See Y-Z-L-H*, 792 F. Supp. 3d at 1132–33 (citing 8 U.S.C. § 1225(b)(2)).

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). However, "applicants for admission may be temporarily released on parole [into the United States] 'for urgent humanitarian reasons or significant public benefit,'" as set forth in 8 U.S.C. § 1182(d)(5)(A). *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting 8 U.S.C. § 1182(d)(5)(A)). The decision to grant parole pursuant to 8 U.S.C. § 1182(d)(5)(A) is determined "on a case-by-case basis." 8 U.S.C. § 1182(d)(5)(A). Then, "when the purpose of the parole has been served," § 1182(d)(5)(A) provides that "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Jennings*, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)).

To terminate the previously granted parole, the agency must comply with the applicable regulatory and statutory requirements. As set forth in 8 C.F.R. § 212.5(e)(2)(i), which governs the "[t]ermination of parole,":

> In cases not covered by paragraph (e)(1) of this section,[7] upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the

---

[7] Paragraph (e)(1) provides for the automatic termination of parole without written notice where the noncitizen has either departed from the United States or at the expiration of time for which the parole was authorized. The parties have not suggested that Petitioner departed from the United

> officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole.

8 C.F.R. § 212.5(e)(2)(i). That is, "[u]nder the governing regulation, [§ 1182(d)(5)(A)] parole may be terminated only if the purpose of parole is accomplished, or humanitarian reasons and the public benefit no longer warrant parole." *Loaiza Arias v. LaRose*, No. 3:25-cv-02595-BTM-MMP, 2025 WL 3295385, at *3 (S.D. Cal. Nov. 25, 2025) (citing 8 C.F.R. § 212.5(e)). As explained below, the Court concludes that Respondents have failed to follow the applicable statutory and regulatory provisions to terminate Petitioner's parole. *Cf. Coal. for Humane Immigrant Rts. v. Noem*, No. 25-cv-872 (JMC), 2025 WL 2192986, at *2 (D.D.C. Aug. 1, 2025) (holding that the government failed to follow the applicable statutory and regulatory provisions and that paroled noncitizens cannot be subject to expedited removal proceedings); *Salgado Bustos v. Raycraft*, No. 25-13202, 2025 WL 3022294, at *5–7 (E.D. Mich. Oct. 29, 2025) (same); *E.V. v. Raycraft*, No. 4:25-cv-2069, 2025 WL 2938594, at *10 (N.D. Ohio Oct. 16, 2025) (same).

First, based on the information before the Court, it does not appear that the purpose of Petitioner's parole has been accomplished. Petitioner left Azerbaijan, seeking asylum in the United

---

States. Additionally, the record before the Court does not indicate that Petitioner's parole expired prior to her arrest. Respondents submitted a Form I-94 which listed the "Admit Until Date" of Petitioner's Parole as April 18, 2025. (Most Recent Form I-94, ECF No. 6-3, PageID.44.) But April 18, 2025, was the effective date of "a blanket termination of parole" that DHS issued. *See Rodriguez Martinez v. Raycraft*, No. 1:25-cv-1504, 2025 WL 3511093, at *2 (W.D. Mich. Dec. 8, 2025 (citation omitted). When DHS terminates a noncitizen's parole, it will update the information on the Form I-94. *See* United States Citizenship and Immigration Services Guidance Website, https://www.uscis.gov/save/current-user-agencies/guidance/faqs-on-the-effect-of-changes-to-parole-and-temporary-protected-status-tps-for-save-agencies (under "Non-Categorical Parole" heading, select "Is DHS revising the parolee's Form I-94, Arrival/Departure Record, Admit Until Date if parole is terminated early?") ("Yes. If DHS terminates an alien's parole before the expiration date of the parole period, DHS will update the Form I-94, Arrival/Departure Record to reflect the new parole termination date."). Therefore, the Form I-94 that Respondents submitted does not establish that the original termination date of Petitioner's parole was April 18, 2025.

States, and Petitioner entered the United States at a port of entry. (Pet., ECF No. 1, PageID.9; 2023 NTA, ECF No. 6-1, PageID.35.) At that time, Petitioner was granted parole pursuant to 8 U.S.C. § 1182(d)(5)(A), which provides for parole into the United States "for urgent humanitarian reasons or significant public benefit," 8 U.S.C. § 1182(d)(5)(A). (*See* Most Recent Form I-94, ECF No. 6-3, PageID.44.) There is nothing before the Court to suggest that the humanitarian reason or public benefit that justified Petitioner's parole no longer applies. Indeed, Respondents make no argument about whether the requirements for termination of parole in § 1182(d)(5)(A) and its regulations have been satisfied.

Further, district courts that have addressed the termination of § 1182(d)(5)(A) parole "have found that just as a grant of parole requires an individualized review, revocation of parole requires a case-by-case assessment to comply with the statute," and the Court finds the reasoning in these non-binding cases to be persuasive. *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 146 (W.D.N.Y. 2025) (citations omitted) (addressing this issue, and granting the petitioner's motion for preliminary injunction and ordering that the petitioner be released); *see, e.g.*, *Y-Z-L-H*, 792 F. Supp. 3d at 1137–47 (addressing this issue, and granting the petitioner's habeas petition and ordering that the petitioner be released from custody); *Loaiza Arias*, 2025 WL 3295385, at *2–4 (same); *Noori v. LaRose*, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *10–13 (S.D. Cal. Oct. 1, 2025) (same); *Munoz Materano v. Arteta*, No. 25 CIV. 6137 (ER), --- F. Supp. 3d ----, 2025 WL 2630826, at *14–17 (S.D.N.Y. Sept. 12, 2025) (same); *Gabriel B.M. v. Bondi*, No. 25-cv-4298 (KMM/EMB), 2025 WL 3443584, at *6–7 (D. Minn. Dec. 1, 2025) (addressing this issue, and granting the petitioner's request for a preliminary injunction and ordering the petitioner's release from custody); *Orellana v. Francis*, No. 25-cv-04212 (OEM), 2025 WL 2822640, at *2–3 (E.D.N.Y. Oct. 3, 2025) (addressing the issue in the context of a motion for reconsideration filed

by the respondents, and affirming the court's grant of habeas relief to the petitioner and the court's order to release the petitioner).[8]

Here, there is no indication in the record before the Court that any such case-by-case determination regarding the revocation of Petitioner's parole was made. Instead, the Form I-94 indicates that Petitioner's parole expired on April 18, 2025, (Most Recent Form I-94, ECF No. 6-3, PageID.44), the effective date of Respondents' "blanket termination of parole" for noncitizens throughout the country, which does not constitute a case-by-case determination.

In summary, as explained above, based on the information that is presently before the Court, there is no indication that Respondents followed the applicable statutory and regulatory requirements to revoke or terminate Petitioner's parole. If Respondents did not follow those requirements, then they did not have the authority to arrest and detain Petitioner, "unless there [wa]s some other valid reason to arrest him." *Mata Velasquez*, 794 F. Supp. 3d at 145; *cf. Norfolk S. Ry. Co. v. U.S. Dep't of Lab.*, No. 21-3369, 2022 WL 17369438, at *6 (6th Cir. Dec. 2, 2022) (discussing that "an agency's action that fails to observe the procedures required by its own regulations should be set aside" (citation omitted)); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004) ("It is an elemental principle of administrative law that agencies are bound to follow their own regulations[,] . . . [and] '[a]n agency's failure to follow its own regulations tends

---

[8] *But see Doe v. Noem*, 152 F.4th 272, 278–79, 285 (1st Cir. 2025) (reversing district court's grant of preliminary relief and vacating district court's stay of the termination notice for previously granted parole because "Plaintiffs ha[d] not demonstrated a strong likelihood of success in showing that under the statute, the Secretary must terminate these grants of parole under the [parole] program[s] on an individual basis"). The Court finds that *Doe v. Noem* is distinguishable from the present case for the same reasons the Court found it distinguishable in *Caceres Martinez v. Raycraft*, No. 1:26-cv-547, 2026 WL 621359, at *5 n.3 (W.D. Mich. Mar. 5, 2026); *Nazari v. Raycraft*, No. 1:26-cv-540, 2026 WL 607704, at *5 n.2 (W.D. Mich. Mar. 4, 2026); *Delgado Vilchez v. Warden, North Lake Corr. Facility*, No. 1:26-cv-216, 2026 WL 570449, at *4 n.2 (W.D. Mich. Mar. 2, 2026); *Ramirez Gonzalez v. Dep't of Homeland Sec.*, No. 1:26-cv-373, 2026 WL 547955, at *5 n.6 (W.D. Mich. Feb. 27, 2026).

to cause unjust discrimination and deny adequate notice and consequently may result in a violation of an individual's constitutional right to due process.'" (additional internal quotation marks omitted) (quoting *Sameena, Inc. v. U.S. Air Force*, 147 F.3d 1148, 1153 (9th Cir. 1998))).

Respondents do not claim that they had any reason to arrest and detain Petitioner other than her status as a noncitizen. Indeed, Respondents argue that *any noncitizen*, regardless of whether they are already present and residing in the United States, is "an alien seeking admission" subject to mandatory detention under § 1225. As set forth in *Caceres Martinez v. Raycraft*, No. 1:26-cv-547, 2026 WL 621359, at *6 (W.D. Mich. Mar. 5, 2026); *Nazari v. Raycraft*, No. 1:26-cv-540, 2026 WL 607704, at *6 (W.D. Mich. Mar. 4, 2026); *Delgado Vilchez v. Warden, North Lake Corr. Facility*, No. 1:26-cv-216, 2026 WL 570449, at *5 (W.D. Mich. Mar. 2, 2026); *Ramirez Gonzalez v. Dep't of Homeland Sec.*, No. 1:26-cv-373, 2026 WL 547955, at *6 (W.D. Mich. Feb. 27, 2026), this Court and other courts throughout the country have rejected this argument.

Accordingly, for the reasons set forth above, the Court concludes that Respondents failed to follow the applicable statutory and regulatory requirements to revoke or terminate Petitioner's § 1182(d)(5)(A) parole.

## B.      Fifth Amendment Due Process Considerations

Petitioner asserts that her detention violates her Fifth Amendment rights. (ECF No. 1, PageID.6.) The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Lopez-Campos*, the Sixth Circuit Court of Appeals explained:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well

9

established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993*); see also Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

*Lopez-Campos*, 2026 WL 1283891, at *11. The Sixth Circuit therefore upheld the lower courts' determinations the government's detention of the *Lopez-Campos* petitioners "without bond under § 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id*. at *13.

Petitioner is likewise detained under § 1226(a) and has been denied an individualized bond hearing. Therefore, the Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights. *See id.*; *see also Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## V.    Other Claims and Other Forms of Relief

Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VI.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the Detroit ICE Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12,

2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at \*8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at \*9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at \*9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the Detroit ICE Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Attorney General and the Executive Office of Immigration Review as Respondents.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from custody, subject to any conditions that existed under Petitioner's § 1182(d)(5)(A) parole. Additionally, the Court will enjoin Respondents from re-detaining Petitioner absent a material change in circumstances unless the requirements of due process have been satisfied. The Court will also order Respondents to file a status report within three days of the issuance of the Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. Further, the Court will dismiss the United States Attorney General and the Executive Office of Immigration Review as Respondents.

Dated:      June 8, 2026                      /s/ Jane M. Beckering
                                             Jane M. Beckering
                                             United States District Judge

11